# In the
# United States Court of Appeals
## For the Seventh Circuit
————

No. 02-3935

BRANDON COLLINS, *et al.*,

*Plaintiffs-Appellees*,

*v.*

JOHN HAMILTON, *et al.*,

*Defendants-Appellants.*

————

**Appeal from the United States District Court
for the Southern District of Indiana.
No. IP01-244-C-Y/K—Richard L. Young**, *Judge.*

————

ARGUED MAY 29, 2003—DECIDED NOVEMBER 6, 2003

————

Before CUDAHY, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Brandon Collins and Omega McCullagh filed a class action suit against various Indiana state officials,[1] under 42 U.S.C. § 1983, alleging violations of the Medicaid Act based on the State of Indiana's failure to provide long-term residential treatment in psychiatric

---

[1] The district court certified a class of "[a]ll present and future Medicaid-eligible children under age twenty-one who require mental health services for which Federal Financial Participation is available, and those children's parents."

residential treatment facilities (PRTF) for children under the age of twenty-one. Plaintiffs sought declaratory and injunctive relief requiring Indiana to provide Medicaid coverage for psychiatric residential treatment found to be "medically necessary" as determined by the Early and Periodic Screening Diagnosis and Treatment program (EPSDT) of the Medicaid Act. Granting summary judgment to the plaintiffs, the district court concluded that placement in a PRTF qualifies as "medical assistance" necessary to "correct or ameliorate" a recipients' psychiatric condition, and the court permanently enjoined Indiana from denying Medicaid coverage for psychiatric residential treatment for all Medicaid-eligible children under the age of twenty-one when such treatment is found to be "medically necessary" by an EPSDT screening. Indiana appeals, arguing that the district court's issuance of the permanent injunction was an overly broad reading of the EPSDT provision of the Medicaid Act. Because we find that a PRTF qualifies as an inpatient psychiatric hospital and that the State of Indiana is required to fund the cost of placement in a PRTF if it is deemed "medically necessary" by an EPSDT screening, we affirm.

## I. BACKGROUND

Indiana participates in the federal Medicaid program. In compliance with Medicaid requirements, Indiana maintains an EPSDT program entitled Heathwatch, which provides annual health screenings by a primary care medical service provider to Medicaid-eligible individuals under the age of twenty-one. Indiana law mirrors the Medicaid Act and requires the state to provide "[a]ny treatment found necessary as a result of a diagnosis pursuant to an initial or period screening, [or an EPSDT screening]" whether or not it is covered by the state plan, so long as it is "necessary to

correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services." 405 I.A.C. 5-15-4.

In Indiana, a child diagnosed with a mental illness may be treated on an outpatient basis, inpatient basis, or in a residential facility, such as a PRTF. Under Indiana's current Medicaid plan, residential placement in a PRTF is not covered, even if a child is diagnosed as needing such placement by an EPSDT provider. The available treatment options of outpatient care or inpatient hospitalization afford Medicaid recipients under the age of twenty-one short-term acute treatment, rather than long-term chronic treatment. By excluding all PRTFs, Indiana does not cover services associated with residential placement, even if that placement occurs in a residential treatment ward of a psychiatric hospital. Indiana acknowledges the existence of PRTFs which meet Medicaid statutory requirements for accreditation but has declined to enroll these facilities in the Medicaid program.

Brandon Collins was born in 1995, and resides with his maternal grandmother who is also his adoptive mother, Barbara Collins, in Lake County, Indiana. He has been diagnosed with Bipolar Disorder, Oppositional Defiant Disorder, Organic Personality Syndrome, and Attention Deficit Hyperactivity Disorder. His prognosis includes the need for chronic treatment in a PRTF setting as well as supplemental acute treatment through inpatient hospitalization. As an Indiana Medicaid recipient, however, PRTF treatment is unfunded. Brandon's grandmother was informed during one of Brandon's numerous hospitalizations that he was in need of more long-term chronic treatment as opposed to the acute treatment he was receiving in the psychiatric hospitals. She was told that residential treatment would not be available through Medicaid; however, Brandon could receive residential placement if she filed a

Child In Need of Services (CHINS) petition with the Child Protective Services division of the Indiana Family and Social Services Office.[2]

Brandon was eventually awarded CHINS status and received placement in a PRTF, however, the placement was not paid for by Medicaid but rather with funding from Lake County. After his stay at the PRTF, Brandon was discharged from the residential facility and returned to his grandmother's care. He subsequently regressed and was again hospitalized, where he received acute short-term care addressing his symptoms. Brandon's most recent diagnosis again called for treatment in a PRTF; however, as his CHINS action was dismissed, he was no longer eligible for the state funding he previously received. Thus, Brandon's only present recourse is the acute care available through Indiana's inpatient psychiatric hospitals.

Omega McCullagh was born in 1996 and also suffers from a litany of mental illnesses. Omega's story parallels Brandon's. He too was denied Medicaid coverage for placement in a residential facility after being diagnosed as needing PRTF placement by an EPSDT service provider. Currently, Omega is not receiving any treatment for his conditions.

## II. ANALYSIS

The question in this case is whether Indiana is required to provide Medicaid coverage to eligible individuals under the age of twenty-one for placement in long-term PRTFs, or whether Indiana's obligations under Medicaid are limited to coverage of the acute treatment options currently available in its inpatient psychiatric hospitals. Essentially,

---

[2] Effectively, if awarded CHINS status, Brandon would become a ward of the State.

the issue boils down to whether Indiana's exclusion of PRTFs encompasses "necessary" medical services and whether a state has the discretion to make such exclusions under the Act?

We review the district court's decision to grant summary judgment de novo. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462 (7th Cir. 2002). Where a permanent injunction has been requested at summary judgment, we must determine whether the plaintiff has shown: (1) success, as opposed to a likelihood of success, on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and, (4) that the public interest will not be harmed by the relief requested. *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (internal citations omitted). The only factor at issue in this appeal is plaintiffs' success on the merits, which hinges on a statutory interpretation of the relevant Medicaid provisions. As this court has previously noted, if the text of the statute at issue is clear and unambiguous, it controls. *MBH Commodity Advisors, Inc. v. Commodity Futures Trading Comm'n*, 250 F.3d 1052, 1060 (7th Cir. 2001) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). However, if the statute is ambiguous or simply silent on the issue before the court, we will defer to the interpretation promulgated by the regulatory agency charged with administering the statute so long as that interpretation is reasonable. *Id.*

The Medicaid Act was established to allow states to provide "medical assistance" to eligible individuals and families with insufficient income or resources to pay for necessary medical services. 42 U.S.C. § 1396. A state's participation in the Medicaid program is completely voluntary. However, once a state elects to participate, it must abide by all federal requirements and standards as set forth in the Act. *See Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498,

502 (1990). The State of Indiana participates in the Medicaid program and is therefore bound by its requirements.

One such requirement is the creation of an "early and periodic screening, diagnostic, and treatment service," or EPSDT service, for categorically needy individuals under the age of twenty-one. 42 U.S.C. § 1396d(a)(4)(B). EPSDT services are mandated by section 1396a(a)(10), which obligates states to provide the services listed in section 1396d(a)(1)-(5), (17) and (21). *Id.* § 1396a(a)(10). Within the ambit of EPSDT services for children, states are also required to furnish "[s]uch other necessary health care, diagnostic services, treatment, and other measures described in subsection (a) of this section to correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services, whether or not such services are covered under the State plan." *Id.* § 1396d(r)(5).

Under subsection (a)(16), "inpatient psychiatric hospital services for individuals under age 21," are coverable Medicaid expenses so long as they abide by the directives of subsection (h). *Id.* § 1396d(a)(16). The language in subsection (h) broadens the definition of "inpatient psychiatric hospitals" to include the services rendered in PRTFs by expressly incorporating other inpatient settings as specified by the Secretary in the promulgated regulations. *Id.* § 1396d(h)(1)(A) (covering services which "are provided in an institution (or a distinct part thereof) which is a psychiatric hospital as defined in section 1395x(f) of this title *or in another inpatient setting that the Secretary has specified in regulations.*") (emphasis added).[3] The Secretary has promul-

---

[3]  Subsection (h) states

(continued...)

gated regulations that specifically include PRTFs as possible venues for patients under the age of twenty-one to receive psychiatric treatment. *See* 42 C.F.R. § 441.151(b).[4] The regulations elaborate on this requirement by defining a "Psychiatric Residential Treatment Facility" as "a facility other than a hospital, that provides psychiatric services [. . . ] to individuals under age 21, in an inpatient setting*." Id.* § 483.352.[5] Under the language in the Act and the provisions

---

[3]  (...continued)

    (1) For purposes of paragraph (16) of subsection (a) of this section, the term "inpatient psychiatric hospital services for individuals under age 21" includes only—

    (A) inpatient services which are provided in an institution (or a distinct part thereof) which is a psychiatric hospital as defined in section 1395x(f) of this title *or in another inpatient setting that the Secretary has specified in regulations*;

    (B) inpatient services which, in the case of an individual (i) involve *active treatment* which meets such standards as may be prescribed in regulations by the Secretary, and (ii) a team, consisting of physicians and other personnel qualified to make determinations with respect to mental health conditions and the treatment thereof, has determined are necessary on an inpatient basis and can reasonably be expected to improve the condition, by reason of which such services are necessary, to the extent that eventually such services will no longer be necessary; and

    (C) [are provided before the child turns 21.]

42 U.S.C. § 1396d(h) (emphasis added).

[4]  Section 441.151(b) of the regulations provides that "[i]npatient psychiatric services" may be "furnished in a psychiatric *residential treatment facility*" so long as the residential treatment facility adheres to the agency's rules concerning the use of physical restraints. *Id.* (emphasis added).

[5]  To the extent Indiana asseverates that the services rendered by

(continued...)

in the regulations, we find that PRTFs qualify as "inpatient psychiatric hospitals," and therefore placement in a PRTF is included within the ambit of covered EPSDT services.

In an effort to avoid the statutory and regulatory provisions, Indiana attempts to read a durational limitation into the statute's definition of "inpatient psychiatric services." Drawing a distinction between residential treatment and "long-term" residential treatment, it argues that long-term residential treatment is inconsistent with section 1396d(h) because long-term residence in a facility does not: (1) amount to "active treatment;" (2) "improve" a patient's condition; or, (3) anticipate a patient's "discharge" from the facility.[6] We see no reason why residential treatment, even if long-term, cannot consist of "active treatment" that "improves or ameliorates" a patient's condition. Nor do we accept the State's assumption that long-term residential placement equates to a perpetual responsibility. Though

---

[5]  (...continued)
PRTFs are not covered Medicaid expenses, we find its arguments unavailing. Furthermore, as the district court noted, Indiana currently has several PRTFs which qualify for Medicaid coverage, as defined by the regulations.

[6]  Indiana points to the following three regulations to support its argument that long-term residential placement is not covered by the Act: (1) section 441.154 defines "active treatment" as treatment "[d]esigned to achieve the recipient's discharge from inpatient status at the earliest possible time," *Id.* § 441.154; (2) section 441.152 states that when a team of specialists certifies a child's need for inpatient psychiatric services, the certification must specify that "[t]he services can reasonably be expected to improve the recipient's condition or prevent further regression *so that the services will no longer be needed*," *Id.* § 441.152(a)(3) (emphasis added); and, (3) section 441.155 provides that each child's plan of care must include "*post-discharge plans* and coordination of inpatient services with partial discharge plans and related community services," *Id.* § 441.155(b)(5) (emphasis added).

long-term placement in a PRTF may be warranted in some cases, it is not mandatory for every patient.[7]

Though it is unclear, Indiana also seems to be arguing that residential treatment is not "medically necessary" and therefore not covered by the Medicaid Act. Here, Indiana contends that the services currently offered by the state through its inpatient psychiatric hospitals remove the need for residential treatment. We disagree. In some circumstances, residential treatment may be medically necessary. As an initial matter, there is a distinction between the acute care available in a psychiatric hospital setting and the less restrictive treatment provided by a residential facility. *See Medicaid Program*, 66 Fed. Reg. 7148 (Jan. 22, 2001). Furthermore, in order for a child to qualify for residential treatment an EPSDT screening by a competent medical service provider must determine that residential treatment is required.

In sum, we find that a PRTF qualifies as an inpatient psychiatric hospital and that Indiana is required to fund the cost of placement in a PRTF if it is deemed "medically necessary" by an EPSDT screening.[8] Plaintiffs have there-

---

[7] We also reject Indiana's argument concerning the availability of residential placement through the state's CHINS program. Indiana's obligations under Medicaid stand independent of any services available through its parallel state program. *See* 42 U.S.C. § 1396d(r)(5) *and* 405 I.A.C. 5-15-4 (stating that Indiana is obligated to provide "medically necessary" coverage under Medicaid "whether or not such services are covered under the State plan").

[8] Our conclusion is buttressed by the holdings from other circuits which also found that in the context of individuals under the age of twenty-one subject to EPSDT services, *see id.* §1396d(a)(4)(B) & (r)(5), a state's discretion to exclude services deemed "medically necessary" by an EPSDT provider has been circumscribed by the

(continued...)

fore sustained their burden of proving success on the merits of their summary judgment motion. Thus, plaintiffs' request for a permanent injunction was properly granted by the district court.

### III.  CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[8] (...continued)
express mandate of the statute. *See Pediatric Speciality Care, Inc. v. Ark. Dep't. of Human Servs.*, 293 F.3d 472, 480 (8th Cir. 2002) (finding that a state must pay for costs of treatment found to ameliorate conditions discovered by EPSDT screenings if such treatments are listed in section 1396d(a)); *and Pereira v. Kozlowski*, 996 F.2d 723, 725-26 (4th Cir. 1993) ("In section 1396d(r)(5), the Congress imposed upon the states, as a condition of their participation in the Medicaid program, the obligation to provide to children under the age of twenty-one all necessary services, including transplants."); *see also Pittman v. Sec. of Fla. Dep't. of Health & Human Servs.*, 998 F.2d 887, 891 (11th Cir. 1993) (agreeing with the Fourth Circuit in *Pereira* that the 1989 amendment to the Medicaid Act removed a state's discretion to deny treatment found to be "medically necessary" for individuals under the age of twenty-one).