Eugene **WINKLER**, et al. Plaintiffs,

v.

**CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, et al. Defendants.**

**No. 99 C 2424.**

United States District Court, N.D. Illinois, Eastern Division.

June 22, 2005.

Roger A. Leishman, Adam D. Schwartz, Ardyth J Eisenberg, Colleen K. Connell, Harvey Michael Grossman, Jane M. Whicher, Morris David Lipson, Pamela Lauren Sumners, Roger Baldwin Foundation of Aclu, Inc., Charles H. R. Peters, Laura Beth Friedel, Schiff Hardin Llp, Kristen E. Brown, Butler, Rubin, Saltarelli & Boyd Llp, Chicago, IL, for Plaintiffs.

Rohit Sahgal, Chicago School Reform Board of Trustees, Chicago, IL, AUSA, United States Attorney's Office, NDIL, Chicago, IL, David H. Moore, Washington, DC, Kim Davis Rogers, Marcia Berman, Emily H. McCarthy, Serrin Turner, Washington, DC, for Defendants.

### *MEMORANDUM AND ORDER*

MANNING, District Judge.

Before the court are two motions: Plaintiffs' Motion for Injunction and Declaratory Judgment and Defendant Secretary Rumsfeld's ("Rumsfeld" or "DOD") Renewed Motion for Summary Judgment. For the reasons stated below, both motions are granted.

## I. BACKGROUND

The court will assume familiarity with its previous Memorandum Opinion and Order dated March 16, 2005 ("March 16 Order"). However, the following brief background is provided for purposes of addressing the motions at hand. Plaintiffs, as federal taxpayers, brought suit against the Department of Defense ("DOD") and the Department of Housing and Urban Development ("HUD") alleging that certain aid provided to the Boy Scouts of America ("BSA") violates the Establishment Clause. Specifically, plaintiffs challenged four statutes under which the DOD provided support to the BSA: (1) 10 U.S.C. § 2554 (the "Jamboree statute"); (2) 10 U.S.C. § 2606 (the "Overseas

Scouting" statute); (3) 10 U.S.C. § 2012 (the Innovative Readiness Training "IRT" statute); and (4) 32 U.S.C. § 508 (the "National Guard" statute).[1]

The parties filed cross-motions for summary judgment as to the Establishment Clause issue. In its March 13 Order, the court granted in part and denied in part the parties' motions for summary judgment. With respect to the IRT and National Guard statutes, the only DOD statutes at issue here, plaintiffs argued only that these statutes violated what plaintiffs called the "nondiscrimination principle" of the Establishment Clause. The court rejected the basis of plaintiffs' challenge and denied their summary judgment motion as to the IRT and National Guard statutes.

The DOD also moved for summary judgment on these two statutes arguing that they did not violate the Establishment Clause. The court denied the DOD's motion concluding that additional proceedings would be necessary before it could determine whether the IRT and National Guard statutes violated the Establishment Clause. The DOD now renews its motion for summary judgment contending that the court erred in stating that additional proceedings would be necessary. According to the DOD, because plaintiffs did not come forward with any evidence to rebut the grounds on which the DOD moved for summary judgment, the DOD is entitled to judgment that the IRT and National Guard statutes do not violate the Establishment Clause.

Also before the court is plaintiffs' motion for an injunction and declaratory judgment that the Jamboree statute violates the Establishment Clause. The court will address each motion in turn.

## II. ANALYSIS

### A. IRT and National Guard statutes

Under Fed.R.Civ.P. 56(c), the movant has the "initial responsibility of informing the district court of the basis for its motion", and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)).

Further, "where the movant demonstrates that the nonmovant will be unable to produce any evidence at trial supporting an essential element of a claim for which the nonmovant bears the burden of proof, summary judgment is appropriate even though the movant cannot adduce any affirmative evidence *disproving* the essential claim". *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 979 (7th Cir.1996) (emphasis in original) ("Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial.").

The DOD contends that the court's March 16, Order, "erroneously required DOD, the moving party, to produce evidence negating plaintiffs' claim." Specifically, the DOD asserts that it fulfilled its initial burden under Rule 56(c) by demonstrating that the aid provided to the BSA under the IRT and National Guard statutes does not have the effect of advancing religion because the programs are open to

---

1. Plaintiffs also challenged aid provided by HUD to the BSA under two programs: (1) the Community Development Block Grant program and (2) Public Housing Drug Elimination Program. The court notes that the HUD programs are not at issue in the motions currently before the court.

all and make support available on a religion-neutral basis. The DOD states that this argument is based on prevailing Establishment Clause jurisprudence under *Mitchell v. Helms*, 530 U.S. 793, 809, 120 S.Ct. 2530, 147 L.Ed.2d 660 (2000).

The DOD further asserts that even under Justice O'Connor's concurring opinion in Mitchell,[2] the DOD has satisfied its burden. As stated in this court's March 16 Order, Justice O'Connor stated it was also necessary to determine whether actual diversion of government funds to religious purposes had occurred, whether any such diversion was *de minimus*, and finally, whether adequate safeguards existed to prevent religious use. *Winkler v. Chicago School Reform Board of Trustees*, No. 99 C 2424, 2005 WL 627966, at *14 (N.D.Ill. March 16, 2005) (*citing Mitchell*, 530 U.S. at 857, 120 S.Ct. 2530). The DOD argues that even if the court considers the additional requirements articulated by Justice O'Connor, it has met its initial burden under Rule 56(c). According to the DOD, it "explained [in its original briefing on its motion for summary judgment] that because the aid provided to the Boy Scouts under the IRT and National Guard programs typically consisted of engineering or similar support in the construction of roads or other improvements on BSA campgrounds, it was unlikely that the aid had been used for religious purposes, or that if it had been, such use was *de minimus* and was not constitutionally relevant."

Plaintiffs state in their response to the DOD's renewed motion that they "have no plans to submit factual evidence of diversion or inadequate safeguards as to the IRT and National Guard statutes."[3] Plaintiffs conclude that they believe there is no need for further proceedings in this case as to the IRT and National Guard statutes. As such, the DOD's position is that it has met its initial burden of showing no genuine issue of material fact as to whether the IRT and National Guard statutes violate the Establishment Clause. Further, the DOD states it has shown that plaintiffs cannot rebut the motion because they have stated that they will be producing no evidence of improper diversion of government aid to religious use or inadequate safeguards as to the IRT and National Guard statutes to support their claim that these statutes violate the Establishment Clause. Accordingly, the DOD argues that under Rule 56(c), it is entitled to summary judgment as to the IRT and National Guard statutes.

The DOD has met its initial burden by demonstrating that the IRT and National Guard statutes are administered on a religiously neutral basis and that given that the aid provided was in-kind (i.e., the construction of roads or other improvements on BSA campgrounds), the chance that such aid would be used for religious purposes was minimal, and if it had been used for religious purposes, such use was likely *de minimus*. As noted by the DOD, it then becomes plaintiffs' burden to demon-

---

**2.** In *Mitchell*, five Justices disagreed with Justice Thomas's plurality opinion as it related to the importance of neutrality in an analysis under the Establishment Clause. Thus, Justice O'Connor's concurring opinion represents the holding of the case. *See King v. Palmer*, 950 F.2d 771, 780 (D.C.Cir.1991) (" '[W]hen the Court issues fragmented opinions, the opinion of the Justices concurring in the judgment on the 'narrowest grounds' should be regarded as the Court's holding.' ")

(*quoting Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977)).

**3.** Plaintiffs challenged the constitutionality of the IRT and National Guard statutes only on the ground that they violated the so-called "antidiscrimination" principle of the Establishment Clause. In its March 16 Order, the court rejected this basis for challenging the constitutionality of the statutes.

strate that diversion of aid to religious purposes has occurred, that is not *de minimus* and that a program's safeguards are inadequate to prevent diversion of aid to religious purposes. *Mitchell,* 530 U.S. at 857, 120 S.Ct. 2530 (O'Connor, J., concurring) ("to establish a First Amendment violation, plaintiffs must prove that the aid in question actually is, or has been, used for religious purposes"); *id.* at 858, 120 S.Ct. 2530 ("plaintiffs raising an Establishment Clause must present evidence that the government aid in question has resulted in religious indoctrination"); *American Jewish Congress v. Corp. for National and Community Service,* 399 F.3d 351, 358 (D.C.Cir.2005) (concluding that plaintiff "failed to substantiate its claim that the present monitoring of participants' timekeeping is so ineffective, and the violations so pervasive, that the [challenged] program must be seen as one in which the government is giving participants Education Awards for hours they spend teaching religion."). Plaintiffs, however, have expressly stated that they have no intention of offering evidence necessary to show that diversion of aid for religious purposes has occurred or that the statutes' safeguards are insufficient to prevent such diversion. *See* Plaintiffs' Response to Renewed Motion for Summary Judgment at 2, ¶ 3 ("Plaintiffs thus have no plans to submit factual evidence of diversion or inadequate safeguards as to the IRT and National Guard statutes.")

■ Accordingly, upon further consideration, the court concludes that Secretary Rumsfeld is entitled to summary judgment on its motion for summary judgment as to the IRT and National Guard statutes. *Logan,* 96 F.3d at 979 (stating that defendant met its burden under Rule 56(c) by "specifically identifying particular elements of [plaintiff's] claims that he would be unable to support with evidence at trial—a failing that would entitle [defendant] to judgment as a matter of law.")

### B. *Injunction and Declaratory Relief*

In a separate motion, plaintiffs request that this court enter an injunction enjoining Secretary of Defense Rumsfeld from providing any aid to the BSA pursuant to the Jamboree statute except for aid provided to the BSA in support of the Summer 2005 Jamboree. Plaintiffs also ask that this court declare that the Jamboree statute violates the Establishment Clause of the First Amendment to the U.S. Constitution.

The DOD opposes plaintiffs' requests on the grounds that it believes that this court wrongly concluded that the aid provided under the Jamboree statute is unconstitutional. The DOD further objects to plaintiffs' motion on the ground that plaintiffs failed to even attempt to satisfy the standard for a permanent injunction.

■ "Where a permanent injunction has been requested at summary judgment, [the court] must determine whether the plaintiff has shown: (1) success, as opposed to a likelihood of success, on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and, (4) that the public interest will not be harmed by the relief requested." *Collins v. Hamilton,* 349 F.3d 371, 374 (7th Cir.2003) (*citing Plummer v. Am. Inst. of Certified Pub. Accountants,* 97 F.3d 220, 229 (7th Cir.1996) (internal citations omitted)). Plaintiffs have shown success on the merits in that this court granted their motion for summary judgment with respect to the Jamboree statute. Plaintiffs have also shown irreparable injury in that, at least at this stage in the proceedings, they have established that their constitutional rights as taxpayers are being violated. Third, the benefits of enjoining a continuing violation of the constitution outweigh the relatively low risk of harm to the DOD in preventing support for a Jamboree that

will not be held for another five years.[4] Nor can the court ascertain any harm to the public interest in enjoining the Jamboree statute given that the first Jamboree that will potentially be affected is not scheduled until 2010.

Finally, as pointed out by plaintiffs, injunctive relief is routinely granted when a statute is held to have violated the Constitution. *Lee v. Weisman*, 505 U.S. 577, 584, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992) (referring to the district court opinion finding that invocations and benedictions in form of prayers at public school graduations violated Establishment Clause and permanently enjoining the practice); *Harris v. City of Zion*, 927 F.2d 1401, 1415 (7th Cir.1991) (affirming ruling that city seals violated the Establishment Clause and permanently enjoining continued use); *City of Country Club Hills v. U.S. Dept. of Housing and Urban Dev.*, 99 C 7139, 2001 WL 1117276, at *7 (N.D.Ill., Sep.17, 2001) (upon finding that the plaintiff's enforcement of building ordinances violated Supremacy Clause, court permanently enjoined city from citing or fining counterplaintiff for carrying out its duties pursuant to federal statute). Indeed, the DOD does not argue that any of the permanent injunction factors have not been met.

Accordingly, the court grants plaintiffs' request for injunctive relief and declaratory judgment.

## III. CONCLUSION

For the reasons specified above, Secretary Rumsfeld's renewed motion for summary judgment [202–1] is granted. Additionally, plaintiffs' motion for injunctive and declaratory relief [201–1] is granted. The court declares that 10 U.S.C. § 2554 (the "Jamboree statute") violates the Es-

tablishment Clause of the First Amendment to the Constitution. Further, the U.S. Secretary of Defense and his officers, agents, servants, employees and attorneys are enjoined from providing any aid to the Boy Scouts of America pursuant to 10 U.S.C. § 2554, with the sole exception of aid provided or to be provided in support of the 2005 Jamboree that will take place from July 25 through August 3, 2005.

---

**4.** The injunction the plaintiffs are seeking specifically excludes the upcoming 2005 Jamboree. Thus, according to the parties' previous-

ly-filed motions for summary judgment, the next Jamboree will not be held until 2010.