NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 19, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3435

| | |
|---|---|
| LOUISE DAVENPORT<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MATTHEW GILIBERTO, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:11-cv-06855<br><br>Rebecca R. Pallmeyer,<br>*Judge.* |

**O R D E R**

Louise Davenport sued the City of Chicago, a police sergeant, and two police officers under 42 U.S.C. § 1983 for arresting her without probable cause and seizing and losing her property without due process. She also included a claim under state law. The district court granted the defendants' motion for summary judgment on each claim.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Because the police had probable cause to arrest her, did not deny her due process, and are not liable under state law, we affirm.

We recount the facts in the light most favorable to Davenport. *See Tradesman Intern'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013). In this suit, Davenport describes two encounters that she had with the police. The first encounter occurred in a construction zone. The City had given a construction company a permit—valid for six months beginning July 2, 2010—to exclude the public from its work on Wacker Drive from Harrison Street to Van Buren Street. After construction began, the company noticed homeless people trespassing on the site, sleeping there overnight, and refusing to leave when asked. The construction company complained to the City about the ongoing trespasses, so the police began to patrol the construction site regularly.

Sergeant Matthew Giliberto and Officers Jeannette O'Brien and Anthony Siriscevich found Davenport within the construction zone while they patrolled the Wacker Drive area on August 12, 2010, at around 1 A.M. O'Brien arrested Davenport for criminal trespassing and explained to her that she was unlawfully inside a construction zone, the boundary of which was designated by nearby orange cones on the street. Davenport acknowledges that the area she occupied was under construction during the daytime. But she contends that at the time of her arrest no construction was underway, no signs prohibited entry, and she was not inside any fenced-in area.

Davenport had two bags with her at the time of her arrest: a black nylon bag and a shopping bag. Because O'Brien could not verify that the shopping bag belonged to Davenport, O'Brien left it on the median, where it was later destroyed. O'Brien took Davenport and her nylon bag to the police station. At the station, Davenport removed some other personal items, worth about $200, that she was wearing. O'Brien told Davenport that she would put the personal items in the black nylon bag, but when Davenport retrieved the bag upon her release the next day, she discovered that the items were lost.

Davenport's second encounter occurred six weeks later. While patrolling an area near the Chicago River, O'Brien and another officer, Sergeant Giliberto, saw Davenport mid-day and asked to speak to her. Frightened, Davenport gathered her belongings and moved away. When O'Brien caught up with her, the officer told her that she was on private property that was being used the next day for an event featuring Mayor Daley, and that she would be arrested if she slept there that night. O'Brien recommended that Davenport sleep instead at the nearby Mission that night.

In this lawsuit, Davenport brings three claims: (1) under the Fourth Amendment, for the unlawful arrest in August; (2) under due process and state-law conversion, for lost property in connection with that arrest; and (3) under state law, for the intentional infliction of emotional distress six weeks later. She also seeks an injunction against further police encounters. The district court granted the defendants' motion for summary judgment on all claims. First, the court found that Davenport's unlawful-arrest claim failed under the Fourth Amendment because probable cause supported the arrest: A reasonable officer could have concluded that Davenport was trespassing on a construction site given the late hour, the location of the construction work, complaints from the company about trespassers, and the location of barricades and cones nearby. In any case, the court added, the officers would be entitled to qualified immunity. The court next concluded that Davenport did not have a due-process claim for the lost property because Illinois provides an adequate post-deprivation remedy. A conversion claim under state law for the property was barred, too, because Davenport sued over a year after the injury on August 12, 2010, beyond the statute of limitations, *see* 745 ILCS § 10/8–101. Lastly, the court ruled that her second encounter with police may have been unpleasant, but it was not extreme and outrageous enough to be tortious. With no underlying substantive claims, the court also denied injunctive relief.

On appeal Davenport raises four challenges. First she contests the district court's grant of summary judgment against her on her claim of unlawful arrest. She contends that no probable cause justified her arrest because she had no notice that she was not permitted in the construction area, and the police had no reason to believe that she was on notice.

Police have probable cause to arrest a person when the circumstances known to them reasonably support a belief that a person has, is, or is about to commit a crime. *Matthews v. City of E. St. Louis*, 675 F.3d 703, 706 (7th Cir. 2012); *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012). This determination is based on an objective assessment drawn from facts known at the time of arrest. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). In Illinois, a person commits a criminal trespass if she knowingly enters on the land without lawful authority, 720 ILCS § 5/21-3(a)(1), or after receiving notice that entry is forbidden, enters the land anyway, 720 ILCS § 5/21-3(a)(2).

Here the circumstances surrounding Davenport's arrest gave the police reason to conclude that Davenport was probably trespassing. *See Harney*, 702 F.3d at 922–23. The police knew that the place where they found Davenport was a construction site from which the public was excluded, that the construction company wanted the exclusion

enforced, that orange cones designated the work area, and that the police had been regularly patrolling the location at night to publicize its restricted access. When they observed Davenport within the coned-in area of the site at 1 A.M., they therefore had reason to believe that she knew she should not be there. *See United States v. Kincaid*, 212 F.3d 1025, 1029 (7th Cir. 2000). Davenport replies that she did not see any signs that restricted access. But this is an assertion of actual innocence, which is immaterial to a probable-cause determination. Evidence for probable cause does not have to be enough to support a conviction for criminal trespass; a reasonable probability, known to the police, as is the case here, is sufficient. *See Matthews*, 675 F.3d at 706. Thus, Davenport's Fourth Amendment claim for false arrest fails. *See Fleming v. Livingston County, Ill.*, 674 F.3d 874, 878 (7th Cir. 2014); *Holmes*, 511 F.3d at 679–80.

We turn to Davenport's second challenge on appeal—that by seizing and losing her personal property, the police unlawfully deprived her of it. Davenport contends that the district court neglected to consider her argument that, because she was illegally seized, her property was also illegally seized. But as we have just concluded, Davenport was not illegally seized, so the police justifiably searched and inventoried property found on her when she was arrested. *See Illinois v. Lafayette*, 462 U.S. 640, 644–46 (1983). Davenport responds that, even if she was legally seized, the police wrongfully left one bag at the site and lost personal property placed in the second. But the district court correctly concluded that an officer's unauthorized, negligent loss of property does not offend due process. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). And if the loss was intentional, it is not actionable under § 1983 because Illinois law provides an adequate post-deprivation remedy—conversion. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tucker v. Williams*, 682 F.3d 654, 661 (7th Cir. 2012); *Easter House v. Felder*, 910 F.2d 1387, 1396, 1406 (7th Cir. 1990). Davenport knows of this remedy because she included a supplemental state-law claim for conversion in this suit. But she loses on the merits of that claim because a civil suit against a city employee must be filed within one year from the date of injury, *see* 745 ILCS § 10/8-101(a). Davenport's claim—which accrued on August 12, 2010, was filed on September 29, 2011—about six weeks too late, a conclusion that she does not contest. Even though she loses on the merits of her state-law remedy, the loss does not render the remedy inadequate under due process. *See Hudson*, 468 U.S. at 535; *Easter House*, 910 F.2d at 1406. Thus, the district court properly granted summary judgment to the defendants on Davenport's property-based claims.

Third, Davenport challenges the district court's rejection of her claim that, during her second police encounter, they intentionally inflicted emotional distress. She faults

the court for analyzing only one factor of the tort—whether O'Brien's comments were extreme and outrageous—ignoring others, such as the imbalance of power between the parties, harassment by officers, and her particular susceptibilities. Although Davenport correctly notes that a court may consider several factors in assessing this tort, *see Franciski v. Univ. of Chi. Hospitals*, 338 F.3d 765, 769 (7th Cir. 2003); *Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d 201, 211 (Ill. 1992), not all of the factors are necessarily critical to a particular claim. *See Franciski*, 338 F.3d at 765; *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Here, the comments that Officer O'Brien made to Davenport (that she was on private property, that she could be arrested if she remained there until the next morning, and that she should sleep at a nearby shelter) were innocuous. Regardless of the other factors these reasonable warnings were not actionable. *See Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008) (reiterating that the tort does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" (citation and quotation marks omitted)).

Finally, Davenport argues that the district court should have enjoined the police from ever confronting her again. But the district court was correct to deny such an unusual injunction because, among other reasons, Davenport is unable to meet the first requirement of the permanent-injunction test—success on the merits. *See Collins v. Hamilton*, 349 F.3d 371, 374 (7th Cir. 2003); *Plummer v. American Institute of Certified Public Accountants*, 97 F.3d 220, 230 (7th Cir. 1996).

Accordingly, the district court's judgment is AFFIRMED.